IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM MOSS,

    Defendant.

Case No. 00-cr-40101-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on defendant William Moss' motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 2D1.1 (Doc. 680).  The parties submitted their briefs and the Court held a motion hearing on March 26, 2014.

    The parties agree that Moss qualifies for a four-level reduction in sentence pursuant to the 2011 retroactive amendments to the Sentencing Guidelines.  The parties disagree, however, to which end of the Sentencing Guideline this Court should sentence Moss.

    A jury found Moss guilty of one count of conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine (Count One); one count of distribution of crack cocaine (Count Two); two counts of distribution of cocaine (Counts Three and Four); and one count of possession of a weapon during a drug trafficking offense (Count Five).  With a total offense level of 34 and a criminal history category five, Moss' guideline sentencing range for Counts One through Four was 235 to 293 months.  Due the firearm offense in Count Five, Moss's effective range was 319 to 377 months.  The Honorable G. Patrick Murphy imposed a high-end sentence, sentencing Moss to a total term of 377 months imprisonment, consisting of

293 months on each of Counts One through Four to run concurrently and 84 months on Count Five to run consecutively.

Moss was eligible for a sentence reduction pursuant to the 2007/2008 retroactive amendments to the crack cocaine guidelines.  The amendments reduced Moss's offense level to 30, lowering his guideline range for Counts One through Four to 188 to 235 months.  After considering the parties' arguments and the § 3553(a) factors, Judge Murphy imposed a low-end sentence on Counts One through Four.  Specifically, Judge Murphy adjusted Moss' term of imprisonment to a total term of 272 months, representing 188 months on Counts One through Four and 84 months on Count Five.

Moss again qualifies for a sentence reduction pursuant to the 2011 retroactive crack cocaine guidelines amendments.  The 2011 retroactive amendment to the crack cocaine guidelines lowers Moss' offense level to 28, resulting in a sentencing guideline range of 130 to 162 months.  Moss seeks the imposition of a low-end guideline sentence of 130 months, and the government seeks the imposition of a high-end guideline sentence of 162 months.

The decision to reduce a sentence pursuant to § 3582(c) is within the trial court's discretion.  *United States v. Purnell*, 701 F.3d 1186, 1189-90 (7th Cir. 2012) (noting § 3582(c)(2) provides that a court "*may* reduce the term of imprisonment").  In determining "the extent of the reduction, if any, [the Court must] conside[r] the factors listed in 18 U.S.C. § 3553(a), the movant's conduct while imprisoned, and the risk his early release would pose to public safety." *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009).  The Court need not detail every § 3553(a) factor; however, some statement of reasons is necessary for purposes of review.  *Id.*

In considering these factors, the Court finds Moss' post-sentencing behavior significant. Moss continues to work consistently in his prison job which he has held for over five years. He has also participated in religious, health-related, and other programming while incarcerated. The Court further notes that there are no factors that would influence this Court to impose a high-end sentence since Judge Murphy determined that a low-end sentence was appropriate in Moss' previous sentence reduction. As such, the Court finds a low-end guideline sentence appropriate.

For the foregoing reasons, the Court **GRANTS** Moss' motion to reduce sentence (Doc. 680) and reduces Moss' sentence to a total of 214 months, representing 130 months on Counts One through Four and 84 months on Count Five.

**IT IS SO ORDERED.**

**DATED:** April 8, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**