IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No.  00-cr-40101- JPG |
| WILLIAM MOSS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant William Moss' Motion (Doc. 796) for Bond Pending Appeal.   The government has filed a response (Doc. 797).

Defendant was sentence on July 12, 2016, to the custody of the Bureau of Prison for a term of 12 months and 1 day for the revocation of his supervised release.   On July 15, 2016, the defendant filed a notice of appeal.   Defendant now moves the Court for bond pending appeal.

Bond pending appeal is governed by the Bail Reform Act of 1984 and states in relevant part:

> (b) Release or detention pending appeal by the defendant. – (1)   Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentence to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds-
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced

sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.   18 U.S.C. § 3143(b)

"In determining whether a convicted defendant is entitled to bail pending appeal, the district court, once it has found that clear and convincing evidence establishes that the defendant is not likely to flee or pose a danger to any other person or to the community if released, must first determine whether the appeal presents a substantial question of law or fact. Second, the district court must determine whether, assuming that the question is decided in the defendant's favor, the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed."  *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985)

The Court finds by clear and convincing evidence that the defendant is not likely to flee based on the defendant's ties to community and his compliance with his conditions of bond prior to sentencing, including his appearance at all court settings.  However, the Court finds there is no clear and convincing evidence that the defendant is not likely to pose a risk of safety to others. Mr. Moss has a significant criminal history including burglary[1], theft[2], aggravated battery[3], robbery, burglary, and two convictions of battery[4].   His conviction that resulted in the supervised release included a possession of a firearm during a drug trafficking offense.   Defendant's statement that, "[h]e is not a danger to any person or the community" is not clear and convincing evidence given his violent past and the February 25, 2016, allegation of domestic battery.

Even if the defendant could meet the hurdle that he is not likely to pose a risk of safety to others, he would not be able to clear the second factor that his appeal presents a substantial

---

[1] Case No. 80-CF-66, Saline County, Ill (1980).
[2] Case No. 81-CF-17, Saline County, Ill (1981); Case No. 82D02-9608-Df-00588, Indian Circuit (1996).
[3] Case No. 83-CF-139, Saline County, Ill (1983) and also includes convicts for robbery and burglary.
[4] Case no. 90-CF-131, Saline County, Ill (1990); Case 94-OV-389, Saline County, Ill (1994).

question of law or fact.  As noted by the government, the defendant could have informed his counsel or the court of his participation in a drug program and failed to do so.  Defendant's participation in a drug program is not newly discovered evidence nor is it a fact that the appellate court can consider since it is not a part of record.    That the defendant failed to inform the Court of information he possessed at the time of his allocation does not present a substantial question of law or fact for an appeal.

"Convicted defendants are confined promptly after being sentenced, unless 'a substantial question of law or fact [is] likely to result in' reversal or a reduction in imprisonment to less than the anticipated duration of the appeal."   *United States v. Eaken*, 995 F.2d 740, 743 (7th Cir. 1993).  The defendant has not demonstrated that his appeal presents a substantial question of law or fact.

For the reasons stated above, defendant William Moss' Motion (Doc. 796) for Bond Pending Appeal is **DENIED**.   The defendant is **NOTIFIED** that he is entitled to obtain a review of this order regarding release after a judgment of conviction by filing a motion in the court of appeals pursuant to Federal Rule of Appellate Procedure 9(b).

**IT IS SO ORDERED.**

**DATED:**  8/8/2016

                                             *s/J. Phil Gilbert*
                                             **J. PHIL GILBERT**
                                             **U.S. DISTRICT JUDGE**